IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE MAE STUART,

    Plaintiff,

v.                                                  CASE NO. 4:10-cv-00096-SPM -GRJ

UNITED STATES OF AMERICA,

    Defendant.

_____/

## O R D E R

Presently before the Court is Plaintiff's Motion requesting the Court to recalculate Plaintiff's initial partial payment. (Doc. 12.) Based on the inmate account information previously provided and the prison official's certification (Doc. 8), the Court assessed Plaintiff an initial payment of $70.00 based upon the determination that the average monthly deposits in Plaintiff's prison account for the six months preceding the filing of the lawsuit was $350.00. (Doc. 11). Plaintiff claims that her actual deposits were $420.00 *over* the entire six month period, not the average monthly deposit amount. In support of Plaintiff's request she has attached more detailed records of her account. (Doc. 12, attachments).

Because every institution uses varying and often cryptic descriptions and codes in their inmate transaction records, the Court relies upon the prison official's certification of the records to assist the Court in calculating the average monthly deposits. In this case, the previously submitted account history showed $350.00 as Plaintiff's "National 6 Months Deposits." (See Doc. 8, at 5). While this does not necessarily have the same meaning as average monthly deposits for six months, the prison official *certified* that

$350.00 was Plaintiff's average monthly deposit for the preceding 6 months. (Doc. 8, at 4.) The Court, therefore, used this figure when it determined the initial partial filing fee. While Plaintiff has now provided additional records of her inmate account, it is still unclear which of the transactions included in the history should be treated as deposits for purposes of calculating the initial payment. For example, "Lockbox-CD" is underlined by Plaintiff presumably because she considers it a deposit, but this terminology has no clear meaning for the Court. Therefore, insofar as Plaintiff's Motion requests reconsideration of the fee assessment previously calculated, it is **GRANTED**. Plaintiff, however, must obtain and submit to the Court a new Prisoner Consent Form completed, signed, and re-certified by an official before the Court will recalculate the initial payment based on the transaction records submitted.

The Court has also conducted a review of the First Amended Complaint (Doc. 7) and finds that Plaintiff should file a Second Amended Complaint when she returns the new account information.

Plaintiff describes an incident of excessive use of force and deliberate indifference to her medical needs, but names only the United States as a defendant. In the body of the complaint, Plaintiff alleges that Ms. Hattan placed Plaintiff in restraints behind her back so that Plaintiff could not use her walker, causing "further crippling." Ms. Hattan should be one of the named defendants under these set of facts.

Plaintiff next complains that following this particular injury she was denied proper care, specifically by Dr. Carbonelly, who did not order x-rays which would have revealed a broken or dislocated shoulder. Under these set of facts, Dr. Carbonelly should be the other named defendant.

To amend her complaint, Plaintiff should <u>completely</u> fill out a new civil rights

complaint form, marking it "Second Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. In amending, Plaintiff should carefully review the following to determine whether she can present allegations sufficient to state a cause of action:

> 1) Plaintiff must state what rights have been violated under the Constitution, laws or treaties of the United States. It is improper for the Plaintiff to merely list constitutional or federal rights. Further, Plaintiff must provide support in the statement of facts for the claimed violations.
>
> 2) Plaintiff should clearly describe how **each named defendant** is involved in the alleged constitutional violation(s) in the body of the complaint. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. Plaintiff must also show how he was harmed or injured by the actions and/or omissions of the defendant(s).
>
> 3) Plaintiff should name only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation.

Accordingly, it is **ORDERED:**

1. The Clerk of Court shall mail to Plaintiff a new complaint form for federal prisoners and a blank Prisoner Consent Form, which Plaintiff shall complete in full, sign, have a prisoner official sign, and return all documents on or before **February 2, 2011.**

2. Plaintiff's Motion (Doc. 12) is **GRANTED** to the extent that the Court will reconsider its previous calculation of the initial partial payment and allow additional information to be submitted.

**DONE AND ORDERED** this 5th day of January, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge