IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE MAE STUART,

      Plaintiff,

v.                              CASE NO. 4:10-cv-00096-SPM -GRJ

CARBONELLY, et al,

      Defendants.

_____/

## O R D E R

Presently pending before the Court is Plaintiff's Third Motion for Leave to Proceed *in Forma Pauperis* with Prisoner Consent Form. (Doc. 21.) The Court previously granted Plaintiff leave to proceed IFP and assessed an initial partial filing fee of $70.00 based on the prison certification of her average six months deposits and the inmate account information provided. (Doc. 11.) After receiving this Order, Plaintiff requested that the Court reconsider the amount assessed because she believed the certification was incorrect. (Doc. 12.) The Court agreed to reconsider the assessment, but directed Plaintiff to resubmit a certified Prisoner Consent Form with the correct information. (Doc. 15.) Plaintiff has complied with that Order and provided a Prisoner Consent Form which shows slightly *more* average monthly deposits ($375.00) than the previous certification ($350.00). (Doc. 21.)

At this point, the Court has collected $250.00 from Plaintiff's inmate account towards the $350.00 filing fee in four installments of $100.00, $100.00, $20.00 and $30.00. (Docs. 18, 19, 24, 25.) The Court does not find it necessary to modify its previous assessment of the initial payment amount based on the new information

considering that the full fee is nearly paid. Thus, the issue of whether the initial payment should have been more or less is now moot.  See Wilson v. Sargent, 313 F.3d 1315, 1318 (11th Cir. 2002) (only issue in an IFP fee determination is whether inmate pays full filing fee at one time or under an installment plan), *citing* McGore v. Wrigglesworth, 114 F.3d 601, 606 (6th Cir. 1997).  Accordingly, because Plaintiff requests the Court to recalculate the previous assessment of the filing fee and there is no reason to do so, Plaintiff's Third Motion for Leave to Proceed in Forma Pauperis is due to be denied.

The Court also has reviewed the Second Amended Civil Rights Complaint under 28 U.S.C. § 1331 (Doc. 20), which purports to allege claims for use of excessive force and deliberate indifference to Plaintiff's medical needs.  The pleading is deemed sufficient to alert the Defendants to the nature and basis of Plaintiff's claims.  Plaintiff has provided only one service copy of the Second Amended Complaint, and each of the two Defendants must have a copy of the pleading.  For the sake of expediency, the Clerk will be directed to make the additional service copy.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Third Motion for Leave to Proceed In Forma Pauperis (Doc. 21) is **DENIED**.

2.  The **Clerk of Court** shall note on the docket that there are two named Defendants:  **Defendants Officer Hattan and Dr. Carbonelly, both of whom are presently employed at Tallahassee FCI, 501 Capital Circle NE, Tallahassee, Florida 32301.**

3.  The **Clerk of Court** is directed to prepare and send to the United States

Marshal a copy of this order, summons and two service copies of the Second Amended Complaint for the Defendants, as well as a copy for the Attorney General of the United States and the United States Attorney for the Northern District of Florida. The Clerk shall also prepare AO Forms 398 and NUSM1 (Notice of Lawsuit and Request for Waiver of Service and Waiver of the Service of Summons) for each Defendant. Pursuant to Fed. R. Civ. P. 4(c)(2), all costs of service shall be advanced by the United States.

4. The **Clerk of Court** is directed to complete and forward to the United States Marshal, USM 285 forms addressed to the United States Attorney, the Attorney General of the United States, and the named Defendant. The USM 285 forms shall provide for service on the United States Attorney for the Northern District of Florida, (to be addressed to: Civil Process Clerk, United States Attorney's Office, Northern District of Florida, 111 N. Adams Street, Fourth Floor, Tallahassee, Florida 32301), the Attorney General of the United States (Department of Justice, Room 511, Washington, D.C. 20530), and **Defendants Officer Hattan and Dr. Carbonelly** (Tallahassee FCI, 501 Capital Circle NE, Tallahassee, Florida 32301).

5. The **Marshal** shall serve the office of the United States Attorney for this District by delivering a copy of the Second Amended Complaint and summons to the designated civil process clerk for the United States Attorney for the Northern District of Florida at the address specified above.

6. The **Marshal** shall serve the Attorney General of the United States by sending a copy of the Second Amended Complaint and summons **via registered or certified mail** to the Attorney General of the United States at the address specified above.

7.  The **Marshal** shall serve the named Defendants by sending a copy of the Second Amended Complaint  and a waiver of service form to Defendants Hattan and Carbonelly at the address specified above.  If the waiver form is not returned for a named Defendant, the Marshal shall obtain a summons from the Clerk's Office and personally serve that Defendant pursuant to Fed. R. Civ. P. 4(e).

8.  The **Clerk of Court** is directed to return this file to the undersigned if a return of service is filed which indicates that service has not been executed or upon receipt of an answer to the first amended complaint.

9.  After a response to the complaint has been filed by the Defendant, Plaintiff shall be required to mail a copy of every pleading or other paper, including letters, submitted for consideration to the Court, to the attorney for Defendants.  Plaintiff shall include with each original paper that is filed with the Clerk of the Court a "certificate of service" stating the date a correct copy of the paper was mailed to each Defendant or to counsel for Defendants.  Any paper submitted that does not contain a certificate of service shall be returned by the Clerk and disregarded by the Court.

10.  In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If Plaintiff wishes to consent, she should sign the form and forward it to counsel for Defendants (after service has been effected), who shall return it to the Clerk only if Defendants consent.

**DONE AND ORDERED** this 18th  day of March, 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge