IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE MAE STUART,

    Plaintiff,

v.                                                                     CASE NO. 4:10-cv-96-SPM-GRJ

UNITED STATES OF AMERICA,
OFFICER HATTEN,
and DR. CARBONELLY,

    Defendants.
_____/

## O R D E R

This case is before the Court on: (1) Plaintiff's Motion Seeking Enlargement Of Time To Serve Defendants (Doc. 40) and (2) Plaintiff's Motion For Appointment Of Counsel. (Doc. 41.) In her Motion Seeking Enlargement Of Time To Serve Defendants, Plaintiff seeks the Court's assistance in effecting service upon Defendant Officer Hatten. The United States Marshal has informed the Court that he could not serve Defendant Officer Hatten because there are two correctional officers currently employed by the U.S. Bureau of Prisons ("BOP") at the Federal Correctional Institution-Tallahassee ("FCI Tallahassee") with the last name Hatten. (Doc. 35.) The Marshal further informed the Court that he needs a first name in order to serve the correct Officer Hattan. (Doc. 35.)

This Court entered an order directing the Plaintiff to provide the Court with the first name of the correct Officer Hatten on May 19, 2011. (Doc. 36.) In her Motion Seeking Enlargement Of Time To Serve Defendants, Plaintiff advises that she has no way of knowing the correct first name because the BOP has a policy against providing

the first names of its correctional officers to inmates. Accordingly, the Plaintiff asks the Court to subpoena the BOP's personnel files to determine which Officer Hatten was on duty in the Special Housing Unit at FCI Tallahassee on November 26, 2008, the date of the incident identified in the Second Amended Complaint. (Doc. 20.) Because Defendant Officer Hatten has not been served, the Court will direct the BOP to determine which Officer Hatten was on duty in the Special Housing Unit at FCI Tallahassee on November 26, 2008 and to provide that individual's first name in confidence to the United States Marshals Service. The United States Marshals Service will then serve a copy of the Second Amended Complaint on the correct Officer Hatten.

Also pending before the Court is Plaintiff's Motion For Appointment Of Counsel. (Doc. 41.) A plaintiff in a civil case has no constitutional right to counsel. Although a court may appoint counsel for an indigent plaintiff under 28 U.S.C. §1915(e)(1), the Court has broad discretion in making this decision. Bass v. Perrin, 170 F.3d 1312 (11th Cir. 1999). Only exceptional circumstances warrant appointment, such as where "core facts" are not in dispute and the legal issues are not so novel or complex as to require the assistance of a trained practitioner, even if the assistance of a lawyer would undoubtedly be helpful. Id., at 1320; Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990) (appointment of counsel is a privilege, not a right). The Court has reviewed the Second Amended Complaint filed in this cause and finds that the claims raised are not novel or complex and will not require discovery or extensive legal research to resolve and, therefore, do not warrant appointment of counsel.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Motion Seeking Enlargement Of Time To Serve Defendants

      (Doc. 40) is **GRANTED**.

2. The Clerk shall issue a summons for Defendant Hatten indicating that Defendant Hatten has 60 days in which to file a response to the Second Amended Complaint.  (Doc. 20.)

3. The **Clerk** shall send the summons, a copy of this order, and a copy of the Second Amended Complaint (Doc. 20), to Kathleen M. Kenney, General Counsel, United States Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.

4. The Office of the General Counsel for the United States Bureau of Prisons shall have **thirty (30) days** from the date of this Order within which to: (1) inform the United States Marshals Service office in Gainesville in confidence of the first name of the Officer Hatten who was on duty in the Special Housing Unit at FCI Tallahassee on November 26, 2008; or (2) enter an appearance on behalf of Defendant Hatten; or (3) advise the Court that neither alternative is possible.  If the proper Officer Hatten's first name is provided to the USMS, the General Counsel shall file an appropriate notice with the Court.  **In such event, the General Counsel shall also forward to the USMS the copy of this order, the summons, and the service copy of the Second Amended Complaint.  The USMS shall protect the confidentiality of any information provided by the United States Bureau of Prisons as required by Florida and federal law, and shall not disclose any such information on any document filed with the Court.**  Upon the filing of such notice, the Court will issue further instructions for service of process.

5. Plaintiff's Motion For Appointment Of Counsel (Doc. 41) is **DENIED**.

**DONE AND ORDERED** this 21st day of June 2011.

    *s/Gary R. Jones*
    GARY R. JONES
    United States Magistrate Judge