IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE MAE STUART,

     Plaintiff,

v.                              CASE NO. 4:10-cv-96-SPM-GRJ

CARBONELLY, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Pending before the Court is the Motion To Dismiss filed by the Defendants Officer Hattan and Dr. Carbonelle based upon Plaintiff's failure to exhaust her administrative remedies.  (Doc. 45.)  Plaintiff has filed a response to the motion.  (Doc. 46.)  For the following reasons, it is **RECOMMENDED** that the motion to dismiss be **GRANTED**.

## I. Background

     According to the factual allegations in the Second Amended Complaint, Plaintiff suffered a serious shoulder injury while incarcerated at Federal Correctional Institution Tallahassee ("FCI Tallahassee).  (Doc. 20.)  Prior to her shoulder injury, Plaintiff previously had suffered a severe stroke and also was partially crippled as a result of two aneurysms.

     According to Plaintiff, on November 26, 2008, while Defendant Officer Hatten was escorting her to the shower at FCI Tallahassee, Hattan placed Plaintiff's hands behind Plaintiff's back and then forced Plaintiff to push her walker, allegedly causing

Plaintiff excruciating pain.  At the request of the Warden of FCI Tallahassee, Defendant Dr. Carbonelle examined Plaintiff after this incident. Dr. Carbonelle provided Plaintiff with a cream to be used on her shoulder but did not take any X-rays or MRI's of Plaintiff's shoulder. Plaintiff alleges the failure to take X-rays or MRI's led to a delay in discovering the extent of her shoulder injuries.  Plaintiff later had X-rays and MRI's performed on her shoulder when she was transferred to the Federal Medical Center Carswell in Texas.  These assessments, performed by a bone specialist, determined Plaintiff's shoulder had grown incorrectly after the incident with Officer Hattan and was irreparably damaged and could never be surgically repaired.  As a result of these injuries, Plaintiff states she is in constant pain and cannot dress herself.  Plaintiff seeks $2,000,000 in damages and immediate release from prison.

## II. Defendant's Motion to Dismiss and Plaintiff's Response

Defendants filed a limited notice of appearance and motion to dismiss (Doc. 45), seeking dismissal of Plaintiff's second amended complaint. (Doc. 20.)  Defendants argue Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42, U.S.C. § 1997e(a) and therefore  because Plaintiff failed to exhaust the second amended complaint must be dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted.  Attached to the motion to dismiss is an affidavit of Mary Kiwanuka, an attorney with the Federal Bureau of Prisons ("BOP") at its Consolidated Legal Center in Miami.  (Doc. 45 Exh 1.) Kiwanuka attests that her review of the BOP's administrative remedy records discloses that Plaintiff filed an administrative claim to the Warden of FCI Tallahassee on Form BP-9 and an appeal to the BOP's Regional Director on Form BP-10.  (*Id.*)  Plaintiff,

however, failed to follow the third and final step in the BOP's administrative process by filing an appeal to the General Counsel's National Inmate Appeals Office on Form BP-11.  (*Id.*)

    In her response to Defendant's motion to dismiss, Plaintiff alleges she was instructed not to file a Form BP-11 and was instead instructed to file a tort claim by an unidentified BOP official.  Plaintiff states she was told that it was futile to file any further requests for administrative remedies because monetary compensation is not available through the administrative remedy process.   Plaintiff asks the Court not to dismiss her lawsuit because she was specifically instructed by BOP officials to file a tort claim after she already had filed her Form BP-10 with the applicable Regional Director.

### III.  Discussion

    The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions.  "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue v. Pearson,* No. CV410-240, 2011 U.S. Dist. LEXIS 66950, at *2-3 (S.D. Ga. 2011)*(citing Harris v. Garner,* 190 F.3d 1279, 1285-86 (11th Cir. 2005)).  Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted.  *See Jones v. Bock,* 549 U.S. 199, 211 (2002).  Proper exhaustion requires completion of the grievance process as established by BOP regulations.  *See Lambert v. United States,* 198 F. App'x 835, 840 (11th Cir. 2006).

    In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and thus is treated like a

defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

To exhaust her administrative remedies, the Plaintiff in this case was required to file a form BP-9 with the warden of the institution within 20 days of the date of the incident. 28 C.F.R. 542.14(a)*; Okpala v. Drew,* 248 Fed. App'x 72 (11th Cir. 2007)*; Martin v. Zenk,* 244 Fed. App'x 974 (11th Cir. 2007). An appeal to the applicable Regional Director using the Form BP-10 is also required within 20 days of the date the Warden signs the response to the Form BP-9. 28 C.F.R. 542.15(a). An inmate who is not satisfied with the Regional Director's response may then submit an appeal on Form BP-11 to the General Counsel within 30 days of the date the Regional Director signed the response, which is the final step in the administrative process. *Id.*

Defendant contends that Plaintiff did not complete the administrative remedy process as described above. Plaintiff does not challenge the assertion that she failed to follow the final step in the administrative process but instead alleges that an unidentified BOP official at Tallahassee FCI told her to file a tort claim instead of filing a

Form BP-11 with the BOP's General Counsel  after she had filed a Form BP-10 with the

Regional Director.  According to Plaintiff, she was given instructions to do so because

she "was made aware of the fact that it was futile to file any further request for

Administrative Remedy because monetary compensation is not available through the

Administrative Remedy program."  (Doc. 46 at 1.)  Even taking Plaintiff's allegations as

true that she did not pursue administrative remedies because she thought it would be

futile based on a statement from an unidentified BOP official at FCI Tallahassee, is

insufficient to overcome the failure to exhaust because reliance on subjective feelings is

not enough to overcome the exhaustion requirement.  "[I]n an exhaustion analysis,

Plaintiff may not rely on such subjective feelings to demonstrate unavailability of

administrative remedies."  *Boxer X v. Harris,* No. CV 603-147, 2009 U.S. Dist. LEXIS

125208, at *24 (S.D. Ga. 2009)(rejecting a plaintiff's claims that administrative remedies

were unavailable because a grievance counselor informed him that a complaint would

not do any good, and granting summary judgment in favor of defendant because claims

about counselor's statements were inadmissible hearsay).

Prisoners cannot subvert the PLRA's exhaustion requirement merely by alleging

prison officials told them an administrative process was futile or unnecessary because

the prisoner sought monetary compensation unavailable through the administrative

process. *Hayes v. Rutherman*, No. 10-23089-CIV-SEITZ, 2011 WL 3843932, at *5 n.3

(S.D. Fla. July 22, 2011)("This means that an inmate who is seeking money damages

as relief from defendants in a lawsuit must exhaust all of his administrative remedies

before filing suit, even if money damages are not available as relief through the jail or

prison grievance procedure.").  Therefore, even under Plaintiff's version of the facts,

despite her subjective feelings of futility and her request for monetary compensation, Plaintiff is still required to have exhausted her administrative remedies.  To allow Plaintiff's case to proceed, based on the facts alleged, would contravene the purpose of the PLRA and would establish a procedure for prisoners to easily circumvent the available administrative grievance procedures simply by asserting that a prison official told the prisoner the administrative process was futile or by seeking monetary damages.

In accordance with the two-step *Turner* analysis, the Court finds that Plaintiff failed to exhaust her administrative remedies with regard to her claims against Defendants Officer Hattan and Dr. Carbonelle and, therefore, Plaintiff's claims should be **DISMISSED***.*

## IV.  Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Motion To Dismiss (Doc. 45) should be **GRANTED.**

**IN CHAMBERS**  this 3rd  day of November 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**